**SIGNED THIS: September 23, 2011**

                                                      */s/ Mary P. Gorman*
                                      **MARY P. GORMAN**
                                **UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | |
| STEVE BOWEN and | ) | Case No. 11-71289 |
| KIM BOWEN, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |

## O P I N I O N

      An important component of the "fresh start" obtained by filing for bankruptcy relief is a debtor's entitlement to exempt certain property from the claims of creditors. In Illinois, debtors use the exemptions provided by Illinois law. Those exemptions include, *inter alia*, the aggregate net cash value of certain life insurance and endowment policies and the right to receive disability benefits. Steve Bowen owns two disability insurance policies which have an aggregate net cash value of $7777. In their Chapter 7 case, Mr. and Mrs. Bowen assert that such cash value is exempt either because it is the cash value in life insurance or endowment policies or because it represents the right to receive a disability benefit. The Trustee disagrees, asserting that, in order to be exempt, the net cash value must be in actual life insurance or endowment policies or, if the policies constitute a

disability benefit, Mr. Bowen must be receiving disability benefits at the time the exemption is claimed. For the reasons set forth below, the Court finds that the $7777 cash value cannot be claimed as exempt as the net cash value in a life insurance or an endowment policy, but that it can be claimed as exempt as the right to receive a disability benefit. Accordingly, the Trustee's Objection to Claim of Exemption will be sustained in part and denied in part.

### I. Factual and Procedural History

Steve and Kim Bowen ("Debtors") filed a voluntary Chapter 7 bankruptcy petition on May 11, 2011. Mariann Pogge ("Trustee") was appointed and duly serves as Trustee. On their Schedule C — Property Claimed as Exempt — filed contemporaneously with their petition, Debtors listed "Disability Income, Cash Value" with a value of $7777, and claimed the property as exempt pursuant to § 12-1001(f) of the Illinois personal property exemption statute.[1] *See* 735 ILCS 5/12-1001(f).

On May 17, 2011, Trustee filed her Objection to Claim of Exemption with respect to Debtors' claim of exemption in "Disability Income, Cash Value". The Trustee asserted that § 12-1001(f) applies only to life insurance, whereas this asset "appears to be some type of disability policy."

On June 16, 2011, Debtors filed an Amended Schedule C wherein they claimed the "Disability Income, Cash Value" in the amount of $7777 as exempt pursuant to both § 12-1001(f) and § 12-1001(g)(3). *See* 735 ILCS 5/12-1001(f) & (g). On the same date, the Trustee filed her Objection to Amended Claim of Exemption wherein she asserted, again, that the asset cannot be claimed as exempt pursuant to § 12-1001(f) because that section applies to life insurance and endowment policies whereas the asset at issue here is a disability policy. The Trustee also objected

---

[1] Illinois residents are required to use the exemptions provided by Illinois statutes rather than those provided by § 522(d) of the Bankruptcy Code. *See* 735 ILCS 5/12-1201; 11 U.S.C. § 522(b).

to the claim of exemption under § 12-1001(g)(3) because Mr. Bowen is not currently receiving any disability benefit.

After hearing on the Trustee's Objection, a briefing schedule was set. The Trustee subsequently timely filed a brief; Debtors stood on their previously-filed Response to Objection to Claim of Exemption. The matter is now ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. § 1334. Resolving issues regarding the allowance or disallowance of exemptions from property of the estate are core proceedings. 28 U.S.C. § 157(b)(2)(B).

## III. Legal Analysis

A party objecting to a claim of exemption bears the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Personal property exemption statutes are to be construed liberally to protect debtors. *Matter of Barker*, 768 F.2d 191, 196 (7th Cir. 1985); *In re Whalen*, 73 B.R. 986, 989 (C.D. Ill. 1987); *In re Allman*, 58 B.R. 790, 793 (Bankr. C.D. Ill. 1986). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *Barker*, 768 F.2d at 196; *In re Dealey*, 204 B.R. 17, 18 (Bankr. C.D. Ill. 1997); *In re Jackson*, 95 B.R. 590, 593 (Bankr. C.D. Ill. 1989).

The statutory provisions at issue are as follows:

**5/12-1001. Personal property exempt**

§ 12-1001. Personal property exempt. The following personal property owned by the debtor, is exempt from judgment, attachment, or distress for rent:

* * * *

(f) All proceeds payable because of the death of the insured and the

> aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured…
>
> (g) The debtor's right to receive:
>
> * * * *
>
> (3) a disability, illness, or unemployment benefit[.]

735 ILCS 5/12-1001(f), (g)(3).

The questions before the Court require the interpretation of the above-quoted Illinois statute, and there does not appear to be any binding or direct precedent to guide the Court's decision. Given these circumstances, the Court should decide the questions as it believes the Supreme Court of Illinois would. *Adams v. Catrambone*, 359 F.3d 858, 862 (7th Cir. 2004); *In re Ashley*, 317 B.R. 352, 359 (Bankr. C.D. Ill. 2004). According to the Illinois Supreme Court, "the primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *People v. Donoho*, 204 Ill. 2d 159, 171, 788 N.E.2d 707, 715, 273 Ill. Dec. 116, 124 (2003). The best evidence of legislative intent is the actual statutory language and, when possible, a court should interpret a statute according to the plain and ordinary meaning of that language. *Id.*

With respect to Debtors' claim of exemption pursuant to § 12-1001(f), Debtors concede that the disability policies are not life insurance policies *per se*, but contend that exemptions pursuant to § 12-1001(f) are not limited to policies which are called life insurance. Instead, the express language of the statute also allows claims of exemption in endowment policies and annuity contracts. Debtors contend that the policies at issue in this case are endowment policies. Debtors cite the following definition of "endowment policy" — "A policy which agrees to pay to the insured, if living at the expiration of a certain period, a specified amount of money, and in the event of his death in the interim, agrees to pay the face amount of the policy to his designated beneficiary." *Black's Law Dictionary* 1157 (6th ed. 1990).

However, even under Debtors' proffered definition, the policies at issue are not endowment policies. The policies do not agree to pay the insured a specified amount of money if living on a certain date. Rather, they agree to pay him a specified sum in the event he becomes disabled and to refund a certain amount of the premiums in the event the policy is terminated. In the event of the death of the insured, his beneficiary will not receive "the face amount of the policy" but will receive only a full or partial refund of premiums paid.

The Debtors did not cite any precedential authority which offers any direct support for their argument, and the Court found no case law to support Debtors' argument on this point. Interestingly, though, Black's Law Dictionary currently defines "endowment policy" as follows — "A life-insurance policy payable at the end of a specified period, if the insured survives that period, or upon the insured's death if death occurs before the end of the period." *Black's Law Dictionary* 877 (9th ed. 2009). This more recent definition supports the Court's holding on this point.

Moreover, as the Debtors acknowledge, the fundamental essence of the policies at issue here is disability insurance. To whatever extent there is some life insurance component to the policies, it is merely incidental to the disability insurance and, therefore, does not determine whether the cash value of the policy can be claimed exempt under § 12-1001(f). *See In re Fogel*, 164 F.2d 214, 216 (7th Cir. 1947) (incidental feature of insurance policy does not determine type of policy or availability of claim of exemption); *see also In re Simpson*, 557 F.3d 1010, 1014 (9th Cir. 2009) (insurance products "primary purpose and effect" are determinative of applicability of exemption statutes). The Debtors claim of exemption in the policies under § 12-1001(f) must be denied because the policies are not life insurance or endowment policies.

With respect to Debtors' claim of exemption pursuant to § 12-1001(g)(3), Debtors contend that the policies constitute Steve Bowen's right to receive a disability benefit. The Trustee contends that Mr. Bowen had to have been receiving a disability benefit at the time of filing in order to claim

the exemption. Essentially, the Trustee suggests that it would be the disability benefit itself which would be exempt upon receipt rather than the future right to receive such benefit. However, Illinois case law is to the contrary. Illinois courts focus on the specific statutory language which exempts the "right to receive" the benefit rather than the benefit itself. *See In re Marriage of Pope-Clifton*, 355 Ill. App. 3d 478, 481, 823 N.E.2d 607, 609, 291 Ill. Dec. 315 (2005) (funds in a bank account traceable to disability benefits paid by the Veterans' Administration were not exempt under § 12-1001(g)(3) as that exemption protects only the "right to receive" such benefits); *Fayette County Hosp. v. Reavis*, 169 Ill. App. 3d 246, 250, 523 N.E.2d 693, 695, 119 Ill. Dec. 937 (1988) (funds traceable to Social Security benefits are not exempt under § 12-1001(g)(1) because that exemption pertains only to the "right to receive" the benefits).

Section 12-1001(g) exempts only the right to receive certain listed benefits. Other Illinois personal property exemptions apply not only to the right to receive certain benefits or payments but also to property traceable to those benefits or payments. *See, e.g.,* 735 ILCS 5/12-1001(h). Because the Illinois legislature crafted different exemption language for different types of benefit and payments, it is presumed that the legislature meant what it said and meant to exempt the right to receive disability benefits rather than the actual receipt or traceable proceeds of such benefits. *See Marriage of Pope-Clifton*, 355 Ill. App. 3d at 481-82, 823 N.E.2d at 609.

If Mr. Bowen continues to comply with the terms and conditions of the disability policies and at some future point becomes disabled, he will receive disability benefits under the policies. Thus, he possesses a contingent right to receive the disability benefits at this time. Section 12-1001(g)(3) exempts all rights to disability benefits and does not limit itself only to those currently being received, nor does it exclude those that are contingent. As a matter of public policy, individuals should be encouraged to provide for their own subsistence needs should they become disabled and unable to work. Both this principle and the plain language of the statute lead squarely

to the conclusion that the Debtors' disability benefit claim of exemption should be allowed.

As a fall-back argument, Trustee suggests that there may be a distinction between disability benefits which are publicly provided and those which arise through private contracts and argues that only the right to public benefits is exempt. The Trustee relies on *In re Morehead*, 283 F.3d 199 (4th Cir. 2002), where the court addressed this question under two West Virginia statutory provisions, one of which was identical to § 12-1001(g)(3). The *Morehead* court acknowledged the lack of authority on the point and stated that "[t]he discussion so far suggests that payments under privately purchased disability insurance policies do not fit neatly within…[the exemption]. Perhaps [disability insurance] policies like [these] escaped the attention of the West Virginia legislature and Congress when they drafted their lists of bankruptcy exemptions." *Morehead*, 283 F.3d at 205.[2]

In an opinion discussing a claim of exemption relating to a debtor's right to receive an unemployment benefit under § 12-1001(g)(3), Judge Thomas L. Perkins addressed the issue of public versus private benefits and found that it was proper to give broad construction to the term "unemployment benefit". *See In re Rock*, 2005 WL 2061045 (Bankr. C.D. Ill. Apr. 25, 2005). Judge Perkins drew a distinction between § 12-1001(g)(1), which allows a claim of exemption in a debtor's right to receive "unemployment compensation" and § 12-1001(g)(3), which allows a claim of exemption in a debtor's right to receive an "unemployment benefit". Judge Perkins found that, while § 12-1001(g)(1) was limited "to a government mandated program such as that administered pursuant

---

[2] In *Morehead*, the court held that a chapter 7 debtor's right to receive payments under a privately purchased disability insurance policy was only exempt to the extent reasonably necessary for support. In doing so, the court found the right exempt under West Virginia law as a "payment under a…contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]" *See W. Va. Code* 38-10-4(j)(5). The Illinois exemption statute does not contain such an exemption. The court in *Morehead* deliberated about whether the disability insurance payments should be exempt under the statutory provision identical to § 12-1001(g)(3), which has no "reasonably necessary" limitation, or *W. Va. Code* 38-10-(4)(j)(5) which does. The court in *Morehead* chose the latter. This Court does not have that option. Under § 12-1001(g)(3), it is all or nothing.

to the Illinois Unemployment Insurance Act", the term "unemployment benefit" is "a more general term that refers to a payment on account of or attributable to the status of being unemployed or having lost one's job." *Id.* at *3. "With no limitation on the source of the benefit contained in the statute, it is proper to construe the term broadly to include benefits derived from private contractual arrangements such as an unemployment benefit provided in an employment agreement." *Id.*

This Court agrees with Judge Perkins' analysis in *Rock*, and, accordingly, finds that there is and should be no distinction between disability benefits which are publicly provided and those which arise through private contracts, at least as it relates to the eligibility of debtors to claim the right to such benefits as exempt under § 12-1001(g)(3). The exemption statute contains no limitation on the source of payment of the disability benefits and here, as in *Rock*, no such limitation should be read into the statute. Consequently, the Trustee's Objection to Debtors' Claim of Exemption in Mr. Bowen's two disability insurance policies must be denied on this basis. The policies are exempt under § 12-1001(g)(3).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###